The CORPORATE PRINTING COMPANY, INC., Petitioner,

v.

NEW YORK TYPOGRAPHICAL UNION NO. 6, INTERNATIONAL TYPOGRAPHICAL UNION, Respondent.

No. 76 Civ. 2640 (HFW).

United States District Court, S. D. New York.

July 7, 1976.

William G. O'Donnell, New York City, for petitioner.

John J. Sheehan, New York City, for respondent.

OPINION

WERKER, District Judge.

The petitioner filed a petition for the purpose of obtaining a judgment:

1. Staying and permanently enjoining the respondent from making any and all

attempts to organize or represent the customer service employees of petitioner.

2. Requiring the respondent to abide by the determination of the NLRB declaring the customer service employees as being managerial.

3. Granting to petitioner such other and further relief as the court may deem just and proper.

Jurisdiction is found under the National Labor Relations Act ("the Act"), 29 U.S.C. §§ 152(3), (11); 158(a)(1), (5); 159; 159(c) and 164(a).

By decision and order dated August 20, 1975, the Regional Director of the National Labor Relations Board, Region 2 found "that the duties and authority of the three customer service production men in issue establish them as managerial." This decision and order has not been appealed by The Corporate Printing Company, Inc. ("the Company") or the New York Typographical Union No. 6, International Typographical Union ("the Union") although the proceeding had been brought by the Company to establish these employees as supervisors.

The petitioner filed an order to show cause for an order enjoining the Union from exercising any organizational activity concerning its customer service employees and granting petitioner such further relief as the court deems proper. Both the Company and the Union agreed upon the hearing of the order to show cause that the facts recited in the aforementioned Decision and Order were correct and that no changes had occurred since the Order. They further indicated that in view of this fact no evidentiary hearing was required. I adopt the findings of fact recited in the Decision and Order. There is also no dispute that the employees involved are managerial.

Respondent here has entered into a contract with petitioner which provides *inter alia* at paragraph 111.

Representation Determination

111. In the event the Union should claim representation rights for units of employees not covered by this Contract and not represented by any other union, the parties agree that the Union may submit authorization cards signed by such employees to a third party, mutually agreed upon by the parties, for comparison with the Employer's payroll. If it is determined that a majority of such employees have authorized the Union to represent them, the Employer shall recognize the Union as the bargaining agent for all employees in such classification. If the parties are unable to agree upon a third party to make signature comparisons, the New York State Board of Mediation is authorized to make such comparisons and certification."

On or about May 3, 1976, the respondent requested the New York State Mediation Board to determine the validity of signature cards of the customer service employees of petitioner.

■ These managerial employees of the petitioner cannot be a part of a bargaining unit represented by respondent because under the Act they are excluded from the protection of the Act with respect to representation or bargaining. Managerial employees were placed in this position by the Supreme Court in its interpretation of the Act in *NLRB v. Bell Aerospace Co.*, 416 U.S. 267, 275, 94 S.Ct. 1757, 40 L.Ed.2d 134 (1974).

The case of *Florida Power & Light Co. v. Local 641, IBEW*, 417 U.S. 790, 94 S.Ct. 2737, 41 L.Ed.2d 477 (1974) cited by respondent is inapposite for the reason that in that case the Florida Power & Light Company had consented to its supervisory employees retaining union membership. Here the employer has not done so. This is the option Congress has granted to the employer. *Florida Power & Light, supra* at 812, 94 S.Ct. 2737.

In the case of *Swift & Co.*, 115 NLRB 752, 753–754 (1956) the Board refused to approve a unit of procurement drivers who were found to be representative of management. The Board declared:

"It was the clear intent of Congress to exclude from the coverage of the Act all individuals allied with management.

Such individuals cannot be deemed to be employees for the purposes of the Act. Accordingly, we reaffirm the Board's position that representatives of management may not be accorded bargaining rights under the Act." (footnotes omitted).

█ Accordingly in this case respondent's actions under paragraph 111 of the contract with petitioner are but one step toward including the managerial employees in its bargaining unit. That step is precluded by law which prohibits their inclusion except upon the consent of the employer. In the language of the NLRB in *Swift, supra* they "cannot be deemed to be employees" for purposes of implementing paragraph 111 of the contract. Furthermore, pursuant to the explicit language of the contract the provisions of paragraph 111 do not become operative until the Union claims representation rights in a unit of employees not yet covered. By letter to the court dated June 26, 1976 the Union expressly stated that its "has not sought and does not seek certification by the NLRB." Thus the contract by its own terms does not obligate the employer to do what the Union requests.

This is also the language incorporated in 29 U.S.C. § 164(a) which reads as follows:

"(a) Nothing herein shall prohibit any individual employed as a supervisor from becoming or remaining a member of a labor organization, but no employer subject to this subchapter shall be compelled to deem individuals defined herein as supervisors as employees for the purpose of any law, either national or local, relating to collective bargaining."

The court finds that resolution of the issues raised in the order to show cause effectively disposes of the petition itself. The court grants judgment to the petitioner. The court orders that

(1) the Union be and hereby is restrained from organizing petitioner's managerial employees for the purpose of representing them as a part of the Union's bargaining unit and it is further ordered that

(2) the Union is restrained from any activity with respect to those employees which compels the petitioner to recognize those employees as members or prospective members of the Union and it is further ordered that

(3) the Union abide by the determination of the NLRB declaring the customer service employees to be managerial employees.

Submit Order on Notice.